*Reversed* and *Remanded.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.

---

DR. J. H. GUTHRIE, Appellant, v. JOHN McMURREN, Appellee.

**Municipal corporations:** SIDEWALKS: OWNERSHIP OF MATERIALS. 1 Upon the construction of a sidewalk by an abutting property owner the material laid in the walk does not become the property of the municipality; and even though the city rejects the walk because not laid at grade and orders its removal for that reason, which the owner neglected to do, a contractor employed by the city to construct a new walk would have no right to appropriate the material in the old walk, though his contract with the city authorized him to use it; as no agreement between the contractor and the city could affect the rights of the owner of the material.

**Fixtures:** RIGHT OF REMOVAL. One who places even a fixture upon the 2 property of another under a good faith belief in his right to do so, may remove the same upon discovering his mistake, if it can be done without injury to the property of the other.

*Appeal from Jones District Court.*—HON. MILO P. SMITH, Judge.

WEDNESDAY, OCTOBER 21, 1914.

THIS is an action to recover the value of certain material used by the plaintiff in constructing a sidewalk in front of his premises which was ordered removed by the city council and a new walk placed in its stead. The material from the original walk having been removed, the party who constructed

the new walk, under an agreement with the city that he might use such of the old material as he found suitable, not having found any of it suitable, appropriated the same to his own use by selling the same to the defendant, who had full knowledge of all the rights of the parties in the premises. Judgment for the defendant. Plaintiff appeals.—*Reversed.*

*Welch & Welch,* for appellant.

*R. M. Corbit,* for appellee.

GAYNOR, J.—In July or August, 1910, the plaintiff built a cement sidewalk on two sides of his property. The walk was constructed of cement and sand blocks four feet square. This walk was built by the plaintiff on his own motion. After the walk was built, and about the 3d day of August, the city council of Wyoming, Iowa, passed an ordinance requiring a walk to be laid at the place where plaintiff had previously laid his walk and at a different grade from that on which plaintiff had built. Before, however, attempting the construction of the new walk, the plaintiff was notified to take up and change the walk as laid down by him. This he failed to do. Afterwards the town entered into a contract with one Grindrod to put in the new walk, and in this contract with Grindrod it was provided that the material and blocks, heretofore used by the plaintiff in the construction of the walk, should be taken up, and, so far as suitable, used in the building of the new walk. Grindrod undertook the building of this new walk, and in doing so removed all the blocks placed in the walk previously built by the plaintiff, and found none of them suitable to be relaid. After the blocks were removed they were piled up along the street, and were left there for some time, and while the new walk was being put in. Thereafter Grindrod, assuming to be the owner of these blocks, sold them to defendant, and this action is brought to recover the value of the blocks so claimed to have been converted.

The only provision in the contract under which Grindrod claimed the right to the blocks is the provision to the effect that the old blocks might be used, so far as suitable, in the construction of the new sidewalk. He claims that his bid was made with reference to the use of these old blocks, and he assumes that, because he did not use them, he became entitled to them, and upon that assumption, sold them to the defendant. It appears that defendant was then a member of the city council, and had a full understanding of the facts herein related. It also appears that the plaintiff notified Grindrod not to dispose of the blocks, and also notified McMurren that he claimed to be the owner of the blocks, and that he should not remove them. Upon these facts the cause was tried to a jury. At the conclusion of all the testimony, the court instructed the jury to return a verdict for the defendant.

It appears that the sidewalk, laid by the plaintiff, was not at grade, and for that reason was rejected by the town, and its removal ordered. It appears that the plaintiff failed to remove it; that thereupon the defendant employed one Grindrod to remove it, and the blocks were accordingly removed, the sidewalk reduced to grade, and a new walk built, in accordance with the ordinance of the town, at the place where the old walk was laid. The question is, Did the town become the owner of these blocks immediately upon their being placed by the plaintiff in position on the street to be used as a public sidewalk? In answering this question it must be borne in mind that these blocks were the property of the plaintiff at the time he laid them upon the street for use by the general public; that he placed them there in good faith, but not on the grade fixed by the ordinance of the town; that, immediately upon the town's discovering the walk in its then position, it repudiated the act of the plaintiff in placing these blocks there, and ordered him to remove them. If he had removed them in obedience to the order of the city, is there any question that the blocks would remain his property? The city,

1. MUNICIPAL CORPORATIONS: sidewalks: ownership of materials.

acting for the public, had refused to accept the walk, and had repudiated his right to build the walk as then built and maintained by him. The city paid nothing for the walk, contributed nothing to the building of the walk, assumed no jurisdiction over the walk, repudiated it, and ordered it removed at once. They were unquestionably, then, the property of the plaintiff, and continued to be the property of the plaintiff, and no contract or agreement between the city and Grindrod could affect that ownership. Nor did the city attempt to convey to Grindrod any property in these blocks. Grindrod was employed to lay a new walk, permission given only to use such of the old blocks as he deemed suitable in building the new walk. This gave him no right, under any construction of the agreement, to appropriate the blocks to his individual use. It gave him no property in the blocks, and he conveyed none to the defendant. Defendant had full knowledge of all the rights of the parties in this walk at the time he made his purchase.

It is unquestionably the law that one who places even a fixture on the property of another, under mistake as to his right to do so, where he acts in good faith, may, upon discovering his mistake, reclaim his property where it can be done without injury to the property of the other. See *Snouffer & Ford v. City of Tipton*, 161 Iowa, 223, and cases therein cited.

2. FIXTURES: right of removal.

We think the court erred in directing a verdict for the defendant, and the case is therefore—*Reversed*.

LADD, C. J., and DEEMER and WITHROW, JJ., concur.